UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVSON

| | |
|---|---|
| EDMUNDO OROZCO AND DAVID ROSALES on behalf of themselves and all others similarly situated; § § § § **Plaintiffs,** § v. § § **JP MORGAN CHASE BANK, N.A.,** § § **Defendant.** § | CIVIL ACTION NO. 4:20-cv-1961 JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiffs Edmundo Orozco and David Rosales (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorney, bring this action for damages and other legal and equitable relief from Defendant, JP MORGAN CHASE BANK, N.A. ("Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*, the Civil Rights Act of 1866, as amended, 42 U.S.C. §§ 1981 *et seq.* ("Section 1981"), the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.* ("TLC"), and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1.  This is an action brought by Plaintiffs seeking damages from Defendant for acts of discrimination. Defendant's acts are in violation of Title VII, Section 1981, the TLC and any other cause(s) of action that can be inferred from the facts set forth herein. Plaintiffs bring this action on behalf of themselves, and those similarly situated, as Defendant subjected Hispanic Home Lending Advisors to discrimination based on their race, color, and national origin.

2.  Defendant employed Plaintiffs in several locations in Houston, Texas. Throughout

Plaintiffs' employment with Defendant, Plaintiffs and those similarly situated were subjected to discrimination based on their race, color, and national origin.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. § 2000e *et seq.*, as amended, and (iii) 42 U.S.C. § 1981 *et seq.*, as amended.

4. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court in as much as the unlawful employment practices occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant maintains offices, conducts business and resides in this district.

## PARTIES

6. Plaintiff Orozco is a person who has been aggrieved by Defendant's actions. He is and has been, at all relevant times, a resident of Harris County, Texas, and a Hispanic citizen of the United States of America.

7. Plaintiff Rosales is a person who has been aggrieved by Defendant's actions. He is and has been, at all relevant times, a resident of Harris County, Texas, and a Hispanic citizen of

the United States of America.

8. At all relevant times, Plaintiffs were Defendant's employees and therefore covered by Title VII, § 1981, and the TLC.

9. Defendant is headquartered at 111 Polaris Parkway, Columbus, Ohio.

10. Upon information and belief, Defendant employs over five-hundred (500) persons.

11. During all relevant times, Defendant has been an employer covered by Title VII, § 1981, and the TLC.

12. Defendant transacted and continues to transact business in Texas by, among other things, employing persons at their branches located within Texas and within this judicial district.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

13. Plaintiff Orozco, who has herein alleged claims pursuant to Title VII, has timely filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which constitutes a cross-filing with the Texas Commission on Human Rights.

14. Plaintiff Orozco received his Notice of Right to Sue letter from the EEOC prior to the filing of this Complaint. On or around March 6, 2020, the EEOC mailed Plaintiff Orozco his Notice of Right to Sue letter.

## STATEMENT OF FACTS

15. Plaintiffs were employed as loan officers at several of Defendant's branch locations in Houston, Texas and held the title of Home Lender Advisor. Plaintiff Orozco worked for Defendant from November 2017 to December 2019, and Plaintiff Rosales worked for Defendant from in or around February 2017 to February 2019. Throughout their employment, Plaintiffs, and those similarly situated, experienced discriminatory treatment because of their race, color, and national origin.

**ORIGINAL COMPLAINT**

16. Home Lending Advisors are usually assigned to two or three banking locations. Customers are often introduced to the Home Lending Advisor by bankers employed at these locations. Upon information and belief, Hispanic Home Lending Advisors were disproportionally assigned to lower performing and less lucrative branches. Clients in these branches often faced significant challenges in obtaining housing and loan approval such a lower credit scores, lower income, less assets to utilize for down payments and closing costs requirements, and less assets to qualify on loans to refinance their loans and purchase homes.

17. However, Hispanic Home Lending Advisors at these lower performing and less lucrative branches were held to the same minimum loan production guidelines that Home Lending Advisors were required to meet in higher performing and more lucrative branches, even though Home Lending Advisors in higher performing and more lucrative branches had clients with much higher credit scores, higher income, and substantial assets to refinance home loans and purchase new homes.

18. Due to the disproportionate and discriminatory job assignments to which Plaintiffs were subjected, Plaintiffs and those similarly situated found it incredibly difficult to meet the same minimum loan production guidelines required of Home Lending Advisors in higher performing and more lucrative branches. Plaintiff Rosales was told that he would be terminated if he could not meet the guidelines and felt that he had no choice but to resign as the guidelines were impossible to meet due to his discriminatory placement in lower performing and less lucrative branches. Plaintiff Rosales was constructively discharged in February 2019 and Plaintiff Orozco was constructively discharged in December 2019.

19. Upon information and belief, other Hispanic Home Lending Advisors were also constructively discharged due to the disproportionate and discriminatory job assignments in lower

performing and less lucrative branches and the resultant inability to meet the same minimum loan production guidelines as Home Lending Advisors in higher performing and more lucrative branches.

## **RULE 23 CLASS ACTION ALLEGATIONS**

20. Plaintiffs bring this action pursuant to FED. R. CIV. P. 23(b)(3), on behalf of a class of Hispanic employees who work or worked for Chase as Home Lending Advisors during the relevant time period and who were subjected to Chase's discriminatory policies in violation of Title VII, Section 1981, and the TLC. All requirements of class certification are met by the proposed class.

21. The Class which Plaintiff seeks to represent is defined as follows:

> All Hispanic Home Lending Advisors employed by Defendant during the last four years who are or were subjected to polices and/or practices regarding: (i) the assignment of Hispanic Home Lending Advisors; (ii) the assignment of jobs, titles, and designations; and (iii) compensation, salary, commissions, and/or bonuses.

22. The number of class members who have suffered from Defendant's violations of Title VII, §1981, and the TLC, as set forth herein, are too numerous to join in a single action, necessitating class recognition. *See* FED. R. CIV. P. 23(a)(1).

23. All questions relating to the Class's allegations under Title VII, §1981, and the TLC share a common factual basis with those raised by the claims of Plaintiffs. The claims of Plaintiffs are typical of those asserted by the class members. *See* FED. R. CIV. P. 23(a)(3).

24. Plaintiffs will fairly and adequately represent the interests of all members of the proposed class. *See* FED. R. CIV. P. 23(A)(4).

25. A class action is superior to all other methods of adjudication and is necessary in order to fairly and completely litigate the Class's allegations that Defendants violated Title VII,

**ORIGINAL COMPLAINT**

§1981, and the TLC by engaging in policies and practices that discriminated against Hispanic Home Lending Advisors.

26. The class members of the proposed Class are readily discernable and ascertainable. Contact information for all members of the proposed Class are readily available from Defendant since such information is likely to be contained in their personnel files. Notice of this class action can be provided by any means permissible under the Rule 23 requirements.

27. Plaintiffs asserts these claims on their own behalf as well as on behalf of the Class Plaintiffs through their attorneys who are experienced in class action litigation as well as employment litigation.

28. Plaintiffs are able to fairly represent and properly protect the interests of the absent members of the proposed Class and have no interests conflicting with those of the class.

29. The public will benefit from this case being brought as a class action because it serves the interests of judicial economy by saving the Court's time and effort and by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual Class Plaintiffs creates a risk of varying results based on identical fact patterns as well as disposition of the class's interests without their knowledge or contribution.

30. Because of the nature of discrimination claims brought during the course of employment, class members are often fearful of filing claims against their employers and would benefit from Plaintiffs' willingness to proceed against Defendant. The anonymity inherent in a class action suit further provides insulation against retaliation and/or undue stress and fear for the Class Plaintiffs' jobs and continued employment.

31. The questions of law and fact that are nearly identical for all class members make proceeding as a class action ideal. Without judicial resolution of the claims asserted on behalf of

the proposed Class, continued violations of Title VII, §1981, and the TLC will undoubtedly continue.

32. Whether Plaintiff and the Class Plaintiffs were discriminated against on the basis of race, color, and/or national origin because of the Chase policies applied to the branches and positions they were assigned is a common question which can readily be resolved through the class action process.

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
(Discrimination as to Plaintiff Orozco, on behalf of himself, and those similarly situated)**

33. Plaintiff Orozco and the FED. R. CIV. P. 23(b) Class are members of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

34. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Defendant has engaged in the practice of discrimination on the basis of race, color, and/or national origin with respect to the terms and conditions of Hispanic Home Lending Advisors' employment.

35. Plaintiff Orozco and the FED. R. CIV. P. 23(b) Class' requests for relief are set forth below.

### AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
**Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.*
(Discrimination as to all Plaintiffs, on behalf of themselves, and those similarly situated)**

36. Plaintiffs and the FED. R. CIV. P. 23(b) Class are members of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

37. The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.*, as Defendant has engaged in the practice of discrimination on the basis

of race, color, and/or national origin with respect to the terms and conditions of Hispanic Home Lending Advisors' employment.

38. Plaintiffs and the FED. R. CIV. P. 23(b) Class' requests for relief are set forth below.

### AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*
(Discrimination as to Plaintiff Orozco, on behalf of himself, and those similarly situated)**

39. Plaintiff Orozco and the FED. R. CIV. P. 23(b) Class are members of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

40. The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Defendant has engaged in the practice of discrimination on the basis of race, color, and/or national origin with respect to the terms and conditions of Hispanic Home Lending Advisors' employment.

41. Plaintiff Orozco and the FED. R. CIV. P. 23(b) Class' requests for relief are set forth below.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all FED. R. CIV. P. 23(b) Class Plaintiffs, respectfully request judgment against Defendant as follows:

A. Designation of Plaintiffs as representatives of the FED. R. CIV. P. 23(b) Class defined herein, and Plaintiffs' counsel as Class Counsel;

B. A judgment declaring that the practices complained of herein are unlawful and in violation of the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1981 et seq.; the 1991 Civil Rights Act, as amended, 42 U.S.C. § 1981a et seq.; Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 2000e et seq.; and the Texas

Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq*.;

C. All damages which Plaintiffs and Class Plaintiffs have sustained as a result of Defendant's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits he would have received but for Defendant's discriminatory practices, and for emotional distress, humiliation, embarrassment, and anguish;

D. Exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional conduct;

E. Awarding Plaintiffs and Class Plaintiffs the costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees and other costs;

F. Pre-judgment and post-judgment interest, as provided by law;

G. That the Court retain jurisdiction over Defendant until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

H. Granting Plaintiffs and Class Plaintiffs other and further relief as this Court finds necessary and proper.

Plaintiffs and Class Plaintiffs also seek injunctive relief, including, but not limited to:

I. Training on the subject of employment discrimination for all of Defendant's employees;

J. Implicit bias training for all managers conducted by reputable outside vendors;

K. Supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination;

L. Active monitoring of the work areas to ensure compliance with discrimination policies; and

M. Monitoring by the Court or a federal agency to ensure that Defendant complies with all injunctive relief.

Plaintiffs and Class Plaintiffs further demand that they be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Dated: June 3, 2020                                       Respectfully submitted,

_____
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
**Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy.
Suite 190
Austin, Texas  78731
Telephone: (737) 808-2260
Facsimile:  (737) 808-2262

**COUNSEL FOR PLAINTIFF**

**ORIGINAL COMPLAINT**